UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-cv-22321-ALTMAN

**ROY BENJAMIN HUMPHREY**,

    *Movant*,

v.

**UNITED STATES OF AMERICA**,

    *Respondent.*

_____/

## ORDER

On October 13, 2022, Roy Benjamin Humphrey was adjudicated guilty of possessing a firearm and ammunition while a convicted felon, in violation of 18 U.S.C. § 922(g). *See* Amended Judgment, *United States v. Humphrey*, No. 21-cr-20451-ALTMAN (S.D. Fla. Oct. 13, 2022), ECF No. 57. Nearly three years later, Humphrey filed a *pro se* "Motion to File Notice of Constitutional Question Under Federal Rule of Civil Procedure 5.1" ("Motion") in his criminal case, arguing that his conviction is invalid because we lacked jurisdiction over his prosecution. *See* Motion, *United States v. Humphrey*, No. 21-cr-20451-ALTMAN (S.D. Fla. May 16, 2025), ECF No. 65. We construed Humphrey's Motion as a motion to vacate under 28 U.S.C. § 2255 and directed the Clerk to docket the Motion in this new civil case. *See* Motion [ECF No. 1]; Paperless Order, *United States v. Humphrey*, No. 21-cr-20451-ALTMAN (S.D. Fla. May 20, 2025), ECF No. 66.

Two problems with Humphrey's Motion. *First*, his lack-of-jurisdiction argument is frivolous. Humphrey believes the Government has no authority to prosecute federal crimes occurring in Miami Gardens, Florida—where he committed his felon-in-possession offense—because "the Federal

Government has not filed an acceptance of jurisdiction" over Miami Gardens under 40 U.S.C. § 3112.[1] Motion at 2. This is nonsense. "Congress has provided the district courts with jurisdiction—'exclusive of the courts of the States'—of 'all offenses against the laws of the United States.'" *Alikhani v. United States*, 200 F.3d 732, 734 (11th Cir. 2000) (quoting 18 U.S.C. § 3231). "Because the State of [Florida], where [Humphrey]'s underlying criminal offense occurred, is within the jurisdiction of the United States and his offense violated a validly enacted federal statute, the district court's jurisdiction to enter rulings and judgment of conviction against [Humphrey] lay squarely within the original jurisdiction conferred under 18 U.S.C. § 3231." *Youngblood v. United States*, 2022 WL 12139796, at *7 (M.D. Ala. Sept. 29, 2022) (Pate, Mag. J.), *report and recommendation adopted*, 2022 WL 12039171 (M.D. Ala. Oct. 20, 2022) (Marks, C.J.). Following this basic principle, federal circuit courts have uniformly rejected the same bogus "territorial jurisdiction" argument Humphrey regurgitates here.[2]

---

[1] Section 3112 of Title 40 governs the manner in which the Government acquires (and then records) jurisdiction over state lands. *See* 40 U.S.C. § 3112(a)–(c). Humphrey directs us to § 3112(c), which provides that "[it] is conclusively presumed that jurisdiction has not been accepted until the Government accepts jurisdiction over land as provided in this section." *Id.* § 3112(c). The statute has *nothing* to do with the jurisdiction of federal courts over federal criminal offenses. Nevertheless, Humphrey argues that, because "no formal acceptance of jurisdiction has been filed on behalf of the Federal Government" over Miami Gardens and "the [H]ialeah section of Flor[ida]," those areas are consequence-free playgrounds for federal lawbreakers. Motion at 2 (cleaned up). Of course, that's absurd.

[2] *See McClurkin v. United States*, 922 F.2d 843 (7th Cir. 1991) (describing the movant's argument that "his conviction is invalid because federal territorial jurisdiction was lacking" as "fundamentally flawed," explaining that "McClurkin was charged and convicted of offenses violating the laws of the United States. Clearly, the district court properly exercised its jurisdiction in this case"); *United States v. Collins*, 920 F.2d 619, 629 (10th Cir. 1990), *superseded by statute on other grounds as stated in Lewis v. Comm'r of Internal Rev.*, 523 F.3d 1272, 1276–77 (10th Cir. 2008) ("Dickstein's motion to dismiss advanced the hackneyed tax protester refrain that federal criminal jurisdiction only extends to the District of Columbia, United States territorial possessions and ceded territories. Dickstein's memorandum blithely ignored 18 U.S.C. § 3231 which explicitly vests federal district courts with jurisdiction over all offenses against the laws of the United States." (cleaned up)); *United States v. Mundt*, 29 F.3d 233, 237 (6th Cir. 1994) ("On the merits, [the] defendant argues that the District Court lacked jurisdiction over him because he is solely a resident of the state of Michigan and not a resident of any 'federal zone' and is therefore not subject to federal income tax laws. This argument is completely without merit and patently frivolous." (cleaned up)); *United States v. Lussier*, 929 F.2d 25, 27 (1st Cir. 1991) ("[Lussier] contends that the arrest was invalid because it was performed outside the territorial limits and jurisdiction of the United States (that is, not on land actually owned and administered by the federal

*Second*, while we're inclined to deny Humphrey's Motion, we can't deny it just yet because we liberally construed Humphrey's Motion as a § 2255 motion—"the exclusive remedy for a federal prisoner to collaterally attack his conviction and sentence." *Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1351 n.1 (11th Cir. 2008). And, "when a court recharacterizes a *pro se* litigant's motion as a first § 2255 motion[,]" the court must "notify the *pro se* litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has." *Castro v. United States*, 540 U.S. 375, 383 (2003); *see also* 28 U.S.C. § 2244(a) ("No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus[.]").

So, that's what we'll do. Before we rule on Humphrey's Motion, we'll let him file an amended § 2255 motion. But we warn Humphrey that, if he doesn't file an amended § 2255 motion by our deadline, we *will* deny this Motion, which means that Humphrey won't be able to file another § 2255 motion without prior authorization from the U.S. Court of Appeals for the Eleventh Circuit. *See Thomas v. Sec'y, Fla. Dep't of Corr.*, 737 F. App'x 984, 985 (11th Cir. 2018) ("Before a prisoner may file a second or successive habeas petition [in the district court], [he] first must obtain an order from the court of appeals authorizing the district court to consider the petition [pursuant to] 28 U.S.C. § 2244(b)(3)(A)." (cleaned up)).

We therefore **ORDER AND ADJUDGE** as follows:

---

government, such as a post office or a fort), and that the district court consequently lacked jurisdiction over both his person and the subject matter of the prosecution. Many courts have rejected this 'silly claim.'" (cleaned up) (quoting *United States v. Koliboski*, 732 F.2d 1328, 1329 (7th Cir. 1984))).

3

1. By **July 1, 2025**, the Movant must file an amended motion to vacate under 28 U.S.C. § 2255. The amended motion must be no longer than 20 double-spaced pages and signed under the penalty of perjury. The Movant must comply with Rule 2(b) of the Rules Governing Section 2255 Proceedings in the District Courts by sufficiently stating (in a legible manner) the facts he believes entitle him to relief. The Clerk is **DIRECTED** to provide the Movant with a copy of this Court's approved form for 28 U.S.C. § 2255 motions to vacate.

2. The amended motion must be labeled "Amended Motion to Vacate" and must reflect the case number referenced above, so that it will be filed in this case. The amended motion will be the sole, operative pleading in this case, and the Court will address only the claims listed in the amended motion. *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1219 (11th Cir. 2007) ("[A]n amended complaint supersedes the initial complaint and becomes the operative pleading in the case."). The Movant may not incorporate by reference any past claims. *See* S.D. FLA. L.R. 5.1.

3. If the Movant fails to file the amended motion on time and in compliance with our orders, we'll rule on the claims he raised in his "Motion to File Notice of Constitutional Question Under Federal Rule of Civil Procedure 5.1" [ECF No. 1], which may subject the Movant's future collateral attacks to the rule against second or successive § 2255 motions.

4. The Clerk shall **administratively CLOSE** the case. We'll reopen this case once the Movant files his amended motion in compliance with this Order.

**DONE AND ORDERED** in the Southern District of Florida on June 2, 2025.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: Roy Benjamin Humphrey, *pro se*

4